W. L. GRACY *v.* H. L. POTTS and H. L. POTTS *v.* W. L. GRACY.

1. PRINCIPAL AND AGENT. *Ratification. Estoppel.* Where A assumes, without authority, to loan the money of B in his possession, taking a note therefor, a suit·brought by B to enforce the obligation is a ratification of the act, and estops him from denying the authority of the agent to make·the contract in his behalf.

2. TENDER. *Effect of. When refused.* A tender of money in payment of a debt due, does not discharge the debtor from liability thereon where the creditor refuses to receive it. Its only effect is to relieve the debtor from the payment of interest subsequently accruing, and costs incurred in the collection of the debt.

FROM WHITE.

Appeal from the Chancery Court. W. G. CROWLEY, Chancellor.

W. M. SIMPSON for Gracy.

E. L. GARDENHIRE and H. C. SNODGRASS for Potts.

DEADERICK, J., delivered the opinion of the Court.

The complainant Gracy brought suit at law against Potts and his surety Scott, on a note for $2,400, executed September 26, 1862.

The note was payable, "in currency," one day after date, and was given for $2,100 in Confederate money, and $300 in State bank notes.

Although the note was payable one day after date, it was agreed and understood that the money was to be paid after Potts' return from Virginia. Accordingly, upon his return, he tendered $2,100 in Confederate notes and interest, and $300 in State bank notes and interest, to Gracy, who refused to receive it, upon the ground that he was in the army, and did not need it. No objection was made to the kind of money tendered, nor to the time of the tender. Such we regard as the facts established by the weight of the evidence, although there is some conflict in the testimony on these points.

In 1865, the suit at law was begun upon the note, which was taken by the father-in-law of Gracy in his absence, the father-in-law assuming to act for Gracy in loaning his money, and taking the note of Potts and Scott for it.

Gracy's bill alleges that his father-in-law had no right to make the loan or take the note, but he, Gracy, having brought suit upon the note, we think this amounts to a ratification of the act, and as he is seeking to enforce the obligation, he is estopped to deny the authority of his agent to make the contract in his behalf.

The question chiefly discussed is, the effect of the alleged tender.

Assuming that no objection was made to the time at which it was made, or that it might have been effectively made on the 15th November, 1862, in the currency offered, we are of opinion its only effect

would be to discharge the debtor from liability for interest and costs of any suit subsequently instituted. It would not discharge the debtor from liability for the debt.

The Chancellor so held, and we affirm his decree. Both parties having appealed from the decree, the costs of this Court will be equally divided between them, and the cause will be remanded for the taking of the account ordered by the Chancellor, and for further proceedings.